UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY BICE, | ) |
|        Petitioner, | ) |
| vs. | ) Case No. 4:15-CV-0414 JAR |
| JASON LEWIS,[1] | ) |
|        Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Gary Bice's pro se Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. No. 1). Respondent filed a response (Doc. No. 13). On June 29, 2015, Bice filed a pro se "motion for retrial" and "motion to oppress [sic] statements" (Doc. Nos. 17, 18), which the Court construed as supplements to his § 2254 petition (Doc. No. 19). Respondent filed a response to Bice's supplemental claims on September 8, 2015 (Doc. No. 22). Because this Court has determined that Bice's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which his claims are based, the Court decides this matter without an evidentiary hearing.[2]

---

[1] During the pendency of the Petition, Jason Lewis became the warden at Southeast Correctional Center where Petitioner is incarcerated. Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the Respondent is the state officer who has custody. Therefore, the Clerk of Court is ordered to add Jason Lewis as the Respondent and remove Ian Wallace's name.

[2] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003) (citation and quotation marks omitted).

## I.     Background

The Missouri Court of Appeals summarized the evidence regarding this case as follows:[3]

> L.U. ("Child") was born in 2000, and she was about seven years old when she met Defendant. In 2009, Child moved with her mother to live with Defendant and Defendant's girlfriend in Cape Girardeau. Child spent a lot of time with Defendant while her mother was at work. Before she moved to Defendant's residence, Defendant had reached beneath her clothes and touched her on her bottom.
>
> After Child began living with Defendant, he reached beneath her clothes and touched her "boobs" with his hands. Defendant also touched Child's "pee-pee" under her clothes with his tongue on one occasion and touched it with his hands "[a] bunch of times." On one occasion, Defendant put his fingers inside her "pee-pee." Defendant bought her toys and candy and told her that if she kept her "mouth shut he would keep buying them." Before Defendant would touch her, he would tell her to "take off [her] shorts and put on a long T-shirt." One day when she was in the car with her mother going to McDonalds, she told her that Defendant was touching her. Mother then "went straight to the police."

(Respondent's Exhibit E at 3.) On May 18, 2011, a Stoddard County jury found Bice guilty of three counts of statutory sodomy in the first degree involving a child less than twelve years old. The trial court accepted the jury's verdicts and sentenced Bice as a prior and persistent offender to three concurrent 28-year terms of imprisonment. (Respondent's Exhibit D at 11.)

Bice filed a direct appeal contending the trial court abused its discretion in denying his motion for a mistrial when a detective testified that he had offered Bice a polygraph test. Bice argued the detective's testimony created "a risk that jurors assumed" Bice either took the offered test and the results were against him, or that Bice refused to take the test because he knew he was guilty. The Missouri Court of Appeals for the Eastern District, finding no abuse of discretion, affirmed Bice's convictions and sentence. State v. Bice, No. SD 31458 (Mo. App. S.D. June 14, 2012).

Bice filed a timely Rule 29.15 motion for post-conviction relief, claiming his trial counsel was ineffective for (i) failing to investigate and seek a suppression hearing challenging the

---

[3] The state court's factual findings are presumed to be correct, and Bice bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

voluntariness of his statements and confession to police because his mental illness made it impossible for him to knowingly waive his right to remain silent; and (ii) failing to present expert testimony and documentary evidence at trial in support of his claim that his confession was not voluntary. The motion court denied the motion without an evidentiary hearing. (Respondent's Exhibit F at 14-46). The Missouri Court of Appeals for the Eastern District affirmed the circuit court's denial of the motion. Bice v. State, No. SD 33051 (Mo. App. S.D. Oct. 31, 2014).

On March 4, 2015, Bice filed the instant § 2254 petition in which he raises the following four grounds:

(1) trial counsel was ineffective for not allowing Bice to testify and for "lack of skill in handling [his] mental condition";

(2) trial counsel was ineffective for failing to challenge the prosecutor's decision to withdraw his offer for Bice to take a lie detector test;

(3) trial counsel was ineffective for failing to withdraw Bice's statement as involuntary; and

(4) police did not inform Bice of his Miranda rights at the time of his arrest.

In his supplements to his § 2254 petition, Bice claims he is entitled to a retrial because his trial counsel prevented him from taking a lie detector test and from testifying on his own behalf (Doc. No. 18). He also claims his statement to the police was involuntary and that his trial counsel was ineffective for failing to suppress evidence of this statement at trial (Doc. No. 17).

**II.     Standard of review**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of

alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A State court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that State court factual findings lack evidentiary support is

required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 558 U.S. at 293.

**III.     Procedural default**

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." Arnold v. Dormire, 675 F.3d 1082, 1086–87 (8th Cir. 2012) (quotations and citations omitted). "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." Id. at 1087 (quotation and citation omitted). A petitioner must have "fairly presented the substance of the claim to the state courts . . . thereby affording such courts fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim." Wemark v. Iowa, 322 F.3d 1018, 1020–21 (8th Cir. 2003) (quotations and citations omitted). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." Id. at 1021 (quotations and citations omitted). A § 2254 applicant's failure to raise a claim in state court results in procedural default. See Wooten v. Norris, 578 F.3d 767, 777 (8th Cir. 2009).

"When a habeas petitioner defaults his federal claims in state court . . . federal habeas review of his claims is barred unless he 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.' " Morgan v. Javois, 744 F.3d 535, 538 (8th Cir. 2013) (quoting Coleman v. Thompson, 501 U.S. 722, 750–51 (1991), *cert. denied*, 134 S. Ct. 1882 (2014)). "Cause must be something external to the petitioner, something that cannot fairly be attributed to him." Arnold, 675 F.3d at 1087 (quotation and citations omitted). To establish actual prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting United States v. Frady, 456 U.S. 152,

170 (1982)). To establish that a fundamental miscarriage of justice would result, the petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." Murphy v. King, 652 F.3d 845, 850 (8th Cir. 2011) (quotation and citation omitted).

**IV.    Discussion**

**A.  Ground 1**

Bice claims his trial counsel was ineffective for "not allow[ing] him to testify at trial and for his "lack of skill in handling [Bice's] mental condition." This claim is procedurally defaulted because Bice did not raise it in his direct appeal or at any stage of his post-conviction proceedings. See Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Further, Bice has not demonstrated adequate cause to excuse the default. Coleman, 501 U.S. at 750.

Even if the claim is not procedurally defaulted, however, it lacks merit. A claim by a defendant that his counsel denied him the right to testify is analyzed under the ineffective assistance of counsel standard of Strickland v. Washington, 466 U.S. 668 (1984). To succeed on a claim of ineffective assistance of counsel, a habeas petition must establish both "that counsel's representation fell below an objective standard of reasonableness," and that but for counsel's deficiency there is "a reasonable probability that … the result of the proceeding would have been different." Id. at 694. The relevant inquiry is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. Charboneau v. U.S., 702 F.3d 1132, 1137 (8th Cir. 2013).

A criminal defendant has a constitutional right to testify, and only the defendant may waive that right. Frey v. Schuetzle, 151 F.3d 893, 897 (8th Cir. 1998). A defendant's waiver of his right to testify, like his waiver of other fundamental constitutional rights, must be made voluntarily and knowingly. United States v. Bernloehr, 833 F.2d 749, 751 (8th Cir. 1987) (citing Boykin v.

Alabama, 395 U.S. 238, 242-43 (1969)). "[A] knowing and voluntary waiver of the right may be found based on a defendant's silence when his counsel rests without calling him to testify." Frey, 151 F.3d at 898. "[U]nder such circumstances the defendant must act 'affirmatively' rather than apparently 'acquiesc[ing] in his counsel's advice that he not testify, and then later claiming that his will to testify was overcome.' " Id. (quoting Bernloehr, 833 F.2d at 751-52).

Here, after calling three witnesses at trial, the defense rested without calling Bice to testify. Bice remained silent and did not affirmatively state to either the court or to counsel that he wanted to testify. Given his silence in these circumstances, Bice cannot now argue that he did not effectively waive his right to testify. See Frey, 151 F.3d at 898; Bernloehr, 833 F.2d at 751-52. Bice does not assert that counsel overrode his will to testify, and the record supports that the issue never arose. Nor does Bice demonstrate that his testimony, if adduced, would have made a difference to the jury. Accordingly, Bice has not shown that his trial counsel's performance was deficient or that he suffered any prejudice on account of counsel's assistance regarding his right to testify.

Bice further claims his trial counsel lacked "skill in handling his mental condition." Mere conclusory allegations are insufficient to support a claim of ineffective assistance of counsel. Bryson v. United States, 268 F.3d 560, 562 (8th Cir. 2001); Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989). Bice fails to allege any facts demonstrating how this purported lack of skill amounted to deficient performance by counsel and how this in turn prejudiced his defense. Moreover, a court-ordered psychiatric evaluation found that Bice was fully aware of the nature of his actions at the time of the crimes and capable of assisting in his own defense. The claim raised in Ground 1 of the instant petition is, therefore, denied.

**B. Ground 2**

Bice seeks habeas relief because the "prosecutor offered a lie detector test and then withdrew the offer." His allegation that counsel was ineffective for not challenging the prosecutor's decision to withdraw his offer seemingly infers that counsel should have insisted Bice take the lie detector test. Upon review of the record, the Court finds this claim is procedurally defaulted, as Bice did not raise it during post-conviction proceedings and has not attempted to show cause for this default. Sweet, 125 F.3d at 1149; Coleman, 501 U.S. at 750.

Even if the claim was not procedurally defaulted, however, it lacks merit. Bice assumes his counsel could have forced the prosecutor to give him a lie detector test, something defense counsel simply cannot do. Moreover, the results of a lie detector test, even if favorable to Bice, would almost certainly have been inadmissible at trial. See United States v. Weekly, 128 F.3d 1198, 1199 (8th Cir. 1997) (citations omitted) ("The reliability of polygraph evidence has long been considered suspect, and its admission into evidence is rarely granted."); State v. Biddle, 599 S.W.2d 182, 185 (Mo. banc 1980) ("The results of polygraph examinations are inadmissible as evidence in a criminal trial because they lack scientific support for their reliability."). Further, Bice's implied assumption that the results of a polygraph test would be favorable and that these results could have led to a more favorable verdict is mere speculation, particularly in light of the overwhelming evidence of his guilt. Thus, trial counsel's alleged failure to insist that Bice to take a lie detector test does not constitute ineffective assistance of counsel. The claim raised in Ground 2 is denied.

**C. Ground 3**

Bice asserts his trial counsel "should have withdrawn [Bice's] statement because it wasn't voluntary." Bice appears to be referring to statements he made during two interviews with Detective Darren Estes wherein he admitted to having sexual contact with the victim. (Resp. Ex. A

at 7-54.) The second interview was videotaped and played for the jury. (Resp. Ex. A at 55.) Bice also signed a written statement of the same that was presented to the jury. (Id. at 34-35.) Essentially, Bice is contending that his trial counsel should have moved to suppress evidence of his confession at trial.

The Missouri Court of Appeals rejected this claim in its order affirming the motion court's denial of post-conviction relief, explaining:

> The decision as to whether to file a motion to suppress is a matter of trial strategy and generally will not be questioned in a post-conviction relief proceeding. For counsel to be found ineffective for failure to advise concerning a motion to suppress, there must be shown to have been a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

Buckner v. State, 35 S.W.3d 417, 421 (Mo. App. 2000) (citations omitted). On direct appeal, this Court previously concluded that the evidence of [Bice]'s guilt was overwhelming. This alone would seem to foreclose any reasonable probability that the result of the proceeding would have been different even if trial counsel had made a motion to suppress. Nevertheless, the motion court's conclusion that [Bice]'s confession was voluntarily made and that, in the absence of any evidence of police coercion, a motion to suppress would have been meritless was not clearly erroneous. [Bice]'s only factual allegations in his motion on this issue were that [Bice] would testify that he thinks on a second-grade level, that Detective Estes called [Bice] a monster, that Detective Estes told [Bice] what happened to child molesters in prison, and that [Bice] was not medicated during his questioning.

Just because an accused has a mental illness does not negate his or her ability to voluntarily confess to a crime. Rather,

> [t]he test for "voluntariness" is whether under the totality of the circumstances defendant was deprived of a free choice to admit, to deny, or to refuse to answer, and whether physical or psychological coercion was of such a degree that defendant's will was overborne at the time he confessed. When considering the totality of circumstances, no single fact is dispositive and in determining whether a confession was obtained by mental coercion, factors to consider include age, experience, intelligence, gender, lack of education, infirmity, and unusual susceptibility to coercion.

State v. Lytle, 715 S.W.2d 910, 915 (Mo. banc 1986) (citations omitted) (emphasis added). Whether [Bice] thinks on a second-grade level or was not medicated during questioning is

not dispositive. The issue is whether his mental state as a whole, combined with police coercion, removed his free choice to confess.

First, the motion court concluded that the record conclusively showed that the confession was voluntarily given. The results of [Bice]'s psychiatric evaluation concluded that [Bice] was fully capable of participating in his defense and at all times of [Bice]'s alleged criminal conduct, [Bice] was able to understand the nature of his conduct. In the absence of any allegations of contrary expert facts in [Bice]'s motion, this evaluation dispels concerns regarding [Bice]'s mental abilities. Furthermore, as the motion court points out, Detective Estes had no concerns regarding [Bice]'s mental capacity and [Bice] never asked Estes to stop because he was confused. There is nothing to indicate that the motion court was mistaken in concluding that [Bice]'s confession was anything but voluntary.

The motion court also concluded that a motion to suppress would have been meritless because there was no evidence of police coercion. [Bice] alleges that Detective Estes tricked [Bice] into confessing by giving false legal advice (telling [Bice] the jury would only get one side of the story unless he confessed) and by telling [Bice] that terrible things happen to child molesters in prison. Regardless of the merits of Estes's statements, even confessions obtained through subterfuge are admissible unless it would offend societal notions of fairness or the subterfuge is likely to procure an untrustworthy confession. State v. Davis, 980 S.W.2d 92, 96 (Mo. App. 1998). Because of [Bice]'s prior offenses, [Bice] was "quite knowledgeable about the court system," as found in his mental evaluation, and Estes's statements did not rise to a level that would make [Bice]'s confession untrustworthy or unfair. A post-conviction court is not clearly erroneous in finding counsel not ineffective for failure to investigate and file a meritless motion to suppress a confession. State v. Hunter, 840 S.W.2d 850, 870 (Mo. banc 1992). The motion court's finding that the record conclusively refutes [Bice]'s allegations on this point is not clearly erroneous. [Bice]'s first point is denied.

(Resp. Ex. I at 8-10.)

As set forth above, federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless the state court's decision is contrary to, or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the state court's decision is based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d)(1)-(2). Thus, to prevail on his ineffective assistance of counsel claim, Bice must show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner. Hoon v. Iowa, 313 F.3d

1058, 1063 (8th Cir. 2002) (quoting Bell v. Cone, 535 U.S. 685, 698-99 (2002)) (internal citation omitted in Hoon). Bice has failed to do so here.

Bice's only factual allegations on this issue were that he thinks on a second grade level, that Detective Estes called him a monster and told him what happened to child molesters in prison, and that Bice was not medicated during his questioning. Applying the principles of Strickland, the Missouri Court of Appeals concluded that a motion to suppress would have been meritless because the evidence was sufficient to show Bice's confession was voluntarily given and there was no evidence of police coercion. In reaching this conclusion, the Court noted the results of Bice's psychiatric evaluation, which found he was fully aware of the nature of his conduct and capable of assisting in his own defense. The Court also noted that Bice was "quite knowledgeable about the court system," as found in his psychiatric evaluation, and that Detective Estes's statements to Bice during their interviews did not rise to a level that would make his confession untrustworthy or unfair, see State v. Davis, 980 S.W.2d 92, 96 (Mo. Ct. App. 1998); see also State v. Lytle, 715 S.W.2d 910, 915 (Mo. 1986) ("The test for "voluntariness" is whether under the totality of the circumstances defendant was deprived of a free choice to admit, to deny, or to refuse to answer, and whether physical or psychological coercion was of such a degree that defendant's will was overborne at the time he confessed.").

Given these facts, the Court properly concluded that Bice's claim of ineffectiveness based on trial counsel's failure to move for the suppression of his statements fails under Strickland and is, therefore, denied. State v. Hunter, 840 S.W.2d 850, 870 (Mo. 1992) (post-conviction court not clearly erroneous in finding counsel was not ineffective for failing to investigate and file a meritless motion to suppress defendant's confession).

**D. Ground 4**

Bice claims he is entitled to habeas relief because the police failed to advise him of his Miranda[4] rights until after he was interrogated. This claim is procedurally defaulted because Bice did not raise it in on direct appeal or at any stage of his post-conviction proceedings, Sweet, 125 F.3d at 1149, and has not demonstrated adequate cause to excuse the default. Coleman, 501 U.S. at 750.

Even if the claim is not procedurally defaulted, however, it is not properly before this Court. Fourth Amendment claims are not cognizable in federal habeas proceedings if the state provided the petitioner an opportunity for the full and fair litigation of such claims.[5] See Stone v. Powell, 428 U.S. 465, 494 (1976); see also Palmer v. Clarke, 408 F.3d 423, 437 (8th Cir. 2005) (same) (citation omitted). "The Eighth Circuit uses a two-part test to determine if a full and fair opportunity to litigate a claim has been provided." See Willett v. Lockhart, 37 F.3d 1265 (8th Cir. 1994). Under this test, a Fourth Amendment habeas corpus claim is barred by Stone v. Powell unless: (1) "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim" or (2) "the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Id. at 1273. As to the first part of this test, the Eighth

---

[4] Miranda v. Arizona, 384 U.S. 436 (1966).

[5] The only indication in Stone as to what constitutes an opportunity for full and fair litigation is the Court's citation of Townsend v. Sain, 372 U.S. 293 (1963). See Stone, supra, at 494 n.36. In Townsend, the Court held that a federal court must conduct an evidentiary hearing on a habeas petitioner's claim when the petitioner was denied a full and fair evidentiary hearing in the state trial court. The court instructed that a full and fair hearing could be denied in the following ways:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

Id. at 313.

Circuit has stated that it finds "petitioner's 'opportunity' for full and fair litigation should not depend upon whether he has taken advantage of the process available . . ." Id. at 1271. Further, "[t]he federal courts on habeas review of such claims are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation." Id. at 1273. Here, there is nothing before this Court to suggest that Bice was foreclosed from using procedures available to him at the state court level to raise his Fourth Amendment claim arising out of alleged Miranda violations, much less because of an unconscionable breakdown in the system.

Even if Bice's claim is cognizable, it lacks merit. The evidence before the trial court established that Bice was Mirandized and that he did not make an unequivocal request for counsel. Detective Darren Estes interviewed Bice on December 3 and 4, 2009. Estes testified that on both occasions he advised Bice of his Miranda rights prior to interviewing him and that Bice signed a form waiving his Miranda rights before each interview. (Resp. Ex. A at 206:6-207:16; 221:9-222:2.) Bice has not presented any evidence to refute Estes' testimony. The claim raised in Ground 4 is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Gary Bice's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.

Dated this 20th day of February, 2018.

                                                 /s/ John A. Ross  
                                                 **JOHN A. ROSS**  
                                                 **UNITED STATES DISTRICT JUDGE**